# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| ANTONIO JONHSON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 1:18-cv-00032 |
|  | ) | CHIEF JUDGE CRENSHAW |
| TONY PARKER, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Antonio Johnson, an inmate at the Turney Center Industrial Complex ("TCIX") in Clifton, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Tony Parker, Kevin Genovese, Jason Clendenion, CERT Team Member Holland [F/N/U], CERT Team Commander Dickson [F/N/U], and John Doe. Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2.)

**I.     Application to Proceed as a Pauper**

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's *in forma pauperis* application that he lacks sufficient financial resources from which to pay the full filing fee in advance, Plaintiff's application (Doc. No. 2) will be granted. Plaintiff must nonetheless pay the $350.00 filing fee, so the fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

**II.    Initial Review**

The Court is required to conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42

U.S.C. § 1997e(c)(1). The Court must construe a *pro se* plaintiff's complaint liberally, United States v. Smotherman, 838 F.3d 736 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiff alleges that on July 17, 2017, Defendant Dickson slammed his face into a wall, knocking out Plaintiff's upper front teeth and chipping two of Plaintiff's bottom teeth. (Doc. No. 1 at 2.) Defendant Holland shot Plaintiff with a taser five times while he was handcuffed on the ground. (Id.) Holland told Plaintiff he would "kill [Plaintiff] if [they were] on the streets, you black funk [sic]." (Id.) Defendant Clendenion was present, but did not intervene. (Id.) Following this incident, Plaintiff was placed in segregation and did not receive treatment from a dentist for one week. (Id.) After "several" visits, the dentist informed Plaintiff that Defendant Genovese would not approve the cost of fixing his teeth, and would not allow him to "go to special needs for medical treatment." (Id.)

Defendants Holland, Dickson, and Clendenion also forced Plaintiff to stand "outside on the black top bare footed in 90 degree temperature," burning Plaintiff's feet and causing him "serious pain." (Id.) For seven days, the defendants withheld Plaintiff's property, did not allow him to take a shower or have outside recreation, and did not process his grievances. (Id.) Clendenion "put out the word to his staff not to allow[ Plaintiff] to call [his] family." (Id.) Meanwhile, Dickson and Holland continually ridiculed Plaintiff for having missing teeth. (Id.)

**B.     Standard of Review**

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**C.     Discussion**

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)).

**1.     Dismissal of Individual Defendants**

Plaintiff names "John Doe" as a defendant, stating that "[t]here are defendants [referred to] herein as [John Doe] that the plaintiff does not [know the names of] at this time." (Doc. No. 1 at 1.) Plaintiff does not, however, refer to any specific individuals as "John Doe" in the body of the

complaint, nor does he identify unconstitutional behavior by any unnamed individuals. Even under the liberal construction afforded to *pro se* plaintiffs, the Court "is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions," and a plaintiff "must allege that the defendants were personally involved in the alleged deprivation of federal rights." Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002) (citations omitted) (affirming dismissal of a *pro se* prisoner's complaint for failure to state a claim where the plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"). Accordingly, "John Doe" will be terminated as a party.

Plaintiff also names Tony Parker, Commissioner of the Tennessee Department of Correction ("TDOC"), as a defendant because he is "legally responsible for the overall operation of the [TDOC] and each institution under his jurisdiction, including [TCIX]." (Doc. No. 1 at 1.) "Section 1983 liability must be premised on more than mere respondeat superior, the right to control one's employees." Everson v. Leis, 556 F.3d 484, 496 (6th Cir. 2009) (citing Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Cardinal v. Metrish, 564 F.3d 794, 803 (6th Cir. 2009) (quoting Combs v. Wilkinson, 315 F.3d 548, 558 (6th Cir. 2002)). Here, Plaintiff has not alleged that Parker engaged in any unconstitutional conduct, or that he were aware of any such conduct by the other defendants. Plaintiff, therefore, fails to state a claim against Parker.

## 2. Defendants Dickson, Holland, and Clendenion

Plaintiff alleges that, on July 17, 2017, Defendant Dickson slammed his face against a wall, and then Defendant Holland shot him with a taser five times while he was handcuffed on the ground. Plaintiff alleges that Dickson's actions resulted in his upper teeth being knocked out and two of his bottom teeth being chipped.

Although Plaintiff does not state whether he is a pretrial detainee or a convicted prisoner, the Court takes judicial notice that Plaintiff is a convicted prisoner.[1] The Eighth Amendment protects post-conviction inmates from "cruel and unusual punishment," including the right to be free from excessive force by prison officials. Burgess v. Fischer, 735 F.3d 462, 472 (6th Cir. 2013) (citing Whitley v. Albers, 475 U.S. 312, 318–22 (1986)). A prisoner's claim for excessive force under the Eighth Amendment has an objective and subjective component. Cordell v. McKinney, 759 F.3d 573, 580–81 (6th Cir. 2014). For the objective component, a plaintiff must demonstrate that a prison official inflicted pain that was "sufficiently serious" based on "contemporary standards of decency." Id. at 580 (internal citations omitted). The subjective component requires the Court to consider whether the alleged force applied by a prison official was "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

Accepting Plaintiff's allegations as true, the Court concludes that Plaintiff has stated an Eighth Amendment claim against Defendants Dickson and Holland for using excessive force against him on July 17, 2017.

---

[1] Plaintiff's prisoner identification number and birthdate are listed on his application to proceed *in forma pauperis*. (Doc. No. 2-1 at 2, 4.) A search of the Tennessee Felony Offender Information database using this prisoner identification number reflects that an individual with the same name, prisoner identification number, and birthdate as Plaintiff is a convicted inmate incarcerated at Turney Center Industrial Complex. *See Tennessee Felony Offender Information*, https://apps.tn.gov/foil/ (last visited May 25, 2018).

Plaintiff also alleges that Defendants Dickson, Holland, and Clendenion forced him to stand outside on hot asphalt without shoes, "burn[ing Plaintiff's] feet and caus[ing] serious pain." (Doc. No. 1 at 2.) Based on this allegation, the Court cannot determine to whether the pain inflicted on Plaintiff's feet was sufficiently serious. The Court also cannot determine whether Dickson, Holland, and Clendenion forced Plaintiff to stand barefoot on hot asphalt "in a good-faith effort to maintain or restore discipline." Cordell, 759 F.3d at 580. Accordingly, the Court will not dismiss Plaintiff's Eighth Amendment excessive force claim against Dickson, Holland, and Clendenion for forcing him to stand barefoot on hot asphalt at this juncture.

As to the July 2017 incident, Plaintiff also alleges that Defendant Clendenion was present but did not take any action to intervene. The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." Curry v. Scott, 249 F.3d 493, 506 (6th Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Thus, a prison official may be liable for failing to prevent another prison official from harming a prisoner. Id. To establish liability, a prisoner must show that the prison official "acted with 'deliberate indifference' to a substantial risk that [another prison official] would cause [the prisoner] serious harm." Id. (collecting cases). The objective prong of this claim requires the prisoner to "show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. (quoting Farmer, 511 U.S. at 834). The subjective component requires the plaintiff to show that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Id. (quoting Farmer, 511 U.S. at 837).

Here, the Court concludes that Plaintiff has satisfied the objective component of his claim against Defendant Clendenion for failure to prevent harm by Dickson and Holland, but not the subjective component. The Sixth Circuit has held that a prisoner's allegation that he was "beaten

6

without cause by a prison guard" is sufficiently serious to satisfy the objective component. Id. Plaintiff does not, however, allege sufficient facts from which the Court can infer that Defendant Clendenion was aware that Dickson and Holland posed a risk of substantial injury to Plaintiff. That is, Clendenion's mere presence at the scene of the alleged incident does not establish that Clendenion knew the risk of it occurring. Additionally, because Dickson and Holland's alleged use of excessive force did not take place over an extended period of time, Clendenion did not have a meaningful opportunity to stop Dickson and Holland after the incident started. Accordingly, Plaintiff fails to state a claim against Defendant Clendenion for failure to prevent the injury caused by Dickson and Holland on July 17, 2017.

Plaintiff's remaining allegations against Dickson, Holland, and Clendenion fail to state a claim. Plaintiff alleges that, for seven days, these three defendants withheld his soap and toothpaste, did not allow him to take a shower or have outside recreation, and did not process his grievances. A "prisoner must allege 'extreme deprivations' to state an Eighth Amendment conditions-of-confinement claim," Powell v. Washington, 720 F. App'x 222, 228 (6th Cir. 2017) (quoting Harden-Bey v. Rutter, 524 F.3d 789, 795 (6th Cir. 2008)), and "[a]llegations of temporary inconveniences are insufficient to state a claim." Id. (citing Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001)). The alleged restrictions on Plaintiff's personal hygiene and outside recreation were temporary and not extreme. Additionally, Plaintiff's conclusory allegations that prison staff temporarily refused to process his grievances, and that Clendenion "put out the word to his staff not to allow[ Plaintiff] to call [his] family" (Doc. No. 1 at 2), are insufficient to state a claim for relief. Finally, Dickson and Holland allegedly ridiculing Plaintiff for having missing teeth, while unprofessional, is the type of "verbal abuse" that does not rise to the level of a

7

constitutional violation. Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 779 (6th Cir. 2012) (citing Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987)).

### 3. Defendant Genovese

Plaintiff asserts that Defendant Genovese, the TCIX Warden, was deliberately indifferent to his serious medical needs following the alleged use of force by Dickson and Holland on July 17, 2017.

The Eighth Amendment's prohibition on "cruel and unusual punishment" establishes the right for prisoners to receive adequate medical care. Shadrick v. Hopkins Cty., Ky., 805 F.3d 724, 737–38 (6th Cir. 2015). Thus, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Darrah v. Krishner, 865 F.3d 361, 367 (6th Cir. 2017) (quoting Estelle, 429 U.S. at 105). "A constitutional claim for deliberate indifference contains both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." Dominguez, 555 F.3d at 550 (quoting Farmer, 511 U.S. at 834). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" Id. (quoting Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001)).

Here, Plaintiff alleges that he did not receive medical treatment for a week after Dickson and Holland used excessive force against him on July 17, 2017. Then, after visiting the dentist "several times," the dentist informed Plaintiff that Defendant Genovese would not approve the cost of fixing his teeth, and would not allow him to "go to special needs for medical treatment." (Doc. No. 1 at 2.) Taking Plaintiff's allegations as true, his medical need—cracked and missing teeth accompanied by severe pain—is sufficiently serious to satisfy the objective component of

8

Eighth Amendment claim for lack of adequate medical care. Drawing all reasonable inferences in Plaintiff's favor, the Court also concludes that Defendant Genovese's alleged denial of dental treatment satisfies the subjective component. See Carlucci v. Chapa, 884 F.3d 534, 539 (5th Cir. 2018) ("[Plaintiff's] allegations of severe physical pain and denial of recommended dental treatment are sufficient to state a plausible claim for relief."). Accordingly, Plaintiff has stated a claim against Defendant Genovese for deliberate indifference to his serious medical needs under the Eighth Amendment.

**III.    Conclusion**

For these reasons, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) will be granted. Two of Plaintiff's Eighth Amendment excessive force claims—one against Dickson and Holland for the alleged incidents on July 17, 2017, and one against Dickson, Holland, and Clendenion for forcing Plaintiff to stand barefoot on hot asphalt—will be referred to the Magistrate Judge for further proceedings consistent with the accompanying Order. Plaintiff's claim against Genovese for deliberate indifference to his serious medical needs under the Eighth Amendment will also be referred to the Magistrate Judge. All other claims and defendants will be dismissed with prejudice.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE